# Delaware County Electric Co., Appellant, *v.* Colwyn Borough.

*Corporations—Public service corporation—Light, heat and power
company—Boroughs—Occupation of street.*

Where a borough ordinance has given permission to a light, heat
and power company to erect poles and maintain wires in and upon
the streets of the borough, the borough may in the exercise of good
faith and a proper administration of the police power refuse its
consent to permit the company to plant its poles in a particular
street, and especially so if it proffers the use of another street
proper for the purpose.

Argued Nov. 20, 1914.   Appeal, No. 175, Oct. T., 1914,
by plaintiff, from decree of C. P. Delaware Co., Dec. T.,
1912, No. 116, dismissing bill in equity in case of Dela-
ware County Electric Company v. Colwyn Borough.
Before RICE, P. J., ORLADY, HEAD, KEPHART and TREX-
LER, JJ.   Affirmed.

Bill in equity for an injunction to restrain the defend-
ant from interfering with the erection by the plaintiff of
four electric light poles on Fourth street in Colwyn Bor-
ough.

BROOMALL, J., filed the following opinion:

This case is now ripe for final disposition on bill, an-
swer and proofs.   There is no dispute that the plaintiff
is possessed of the franchise and municipal consent to
supply light, heat and power to the public in the defend-
ant borough, together with the right to erect and main-
tain poles and string wires in the highways of the said
borough.   The municipal consent is evidenced by a bor-
ough ordinance approved July 28, 1910.   It is predicated

upon being accepted by the company with an agreement to comply with its requirements and upon filing a bond; all of which were in due course done. The permission in the first section of the ordinance is "to enter upon and occupy and use the streets,...... alleys and highways ......for the purpose of constructing, erecting, maintaining and operating wires, cables, poles, appliances, apparatus and services, overhead and underground, for the purpose of furnishing light, heat and power, or any of them, derived from electricity, to the public and to private individuals and corporations, under and subject to the terms and conditions hereinafter named." The conditions referred to, that relate to this contention are two. The first is to be found in the second section in these words: "The location of all poles shall be subject to the approval of the Highway Committee"; and the second is to be found in the seventh section in these words: "That the said Delaware County Electric Company......shall annually pay to the said Borough of Colwyn for poles hereafter erected on public highways in said borough and for wires placed on said poles, as a license fee, the sum of one dollar for each pole, and two dollars and fifty cents for each mile of wire,......Provided, however, that if a license be issued for new poles and wires erected between July 1, and December 31 in any year, the license fee for said poles for that year shall be fifty cents and for said wires shall be one dollar and twenty-five cents for each mile or fraction thereof."

The plaintiff assuming that it was necessary to obtain the permission or license of the borough council under the seventh section of the ordinance, applied to council for permission to erect four poles on Fourth street. This the borough council refused to grant, and having announced their intention of resisting the construction by force, this bill has been filed by the plaintiff to restrain such resistance.

The ordinance having granted the use of the highways of the borough without limitation to less than the entire

system, and provision having been made by the ordinance for the approval of the highway committee as to the location of the poles, the only power which remained in the council was the exercise of the police power. The function of the highway committee was a supervision of the particular places where the poles should be located, and of course after they should be licensed or permitted, for how could a pole be located until it was licensed? The borough council in refusing permission was exercising the police power, and the plaintiff in applying for permission recognized the existence of this power. The seventh section of the ordinance refers to this power in providing for a permission or license. The power to permit implies the power to refuse. Moreover the grant could not be made except subject to the police power. The particular question involved in this case is, whether the exercise of the police power with reference to a system of streets will admit of the exclusion of the whole of a street from the occupation by poles. Where there is no restriction on the streets or localities to be occupied, the determination of what streets should be occupied is in the pole company, except possibly so far as any particular street might be so exceptionally situated as to take it out of the general rule: Com., ex rel, v. Warwick, 185 Pa. 623. This is in effect that where the consent to the use of the streets is given without limitation, the donee may use any or all of the streets, but this general rule is not universally applicable, because it is subject to the exercise of the police power, and such exercise may exclude a street exceptionally situated.

The franchise of the plaintiff is to furnish electric light to its patrons in the Borough of Colwyn. This franchise is not affected by being required to use one street rather than another in the exercise of the right. The municipal consent to the use of any or all of the streets is in subordination to the authority inherent in the municipality to exercise reasonable regulations: New Castle City v. Telegraph Company, 207 Pa. 371.

It is to be presumed that the refusal of the borough council to permit the plaintiff to plant its poles in Fourth street was in good faith and was a proper administration of the police power. The good faith has not been assailed. They proffer the use of a small street or alley called Apple street, running parallel with and about 150 feet eastward from Fourth street. Every intendment should be accorded to the actions of local governments reasonably exercised.

It follows that the prayer for an injunction must be refused, and the plaintiff's bill must be dismissed.

Under similar circumstances a similar conclusion was reached by Judge BAILEY in Lewistown Borough v. Juniata, Etc., Telegraph Company, 10 Pa. Dist. Reps. 562.

The court entered a decree dismissing the bill.

*Error assigned* was decree dismissing the bill.

*W. Roger Fronefield,* with him *Charles E. Morgan,* for appellant.—Corporations not requiring municipal consent may be controlled in, but not prevented from, occupying the streets: Frankford, Etc., Ry. Co. v. Philadelphia, 58 Pa. 119; Beaver Valley Water Co. v. Conway Borough, 213 Pa. 225; Philadelphia Steam Heat Co. v. Philadelphia, 15 W. N. C. 57; Commissioners, Etc., of Northern Liberties v. Gas Co., 12 Pa. 318; Philadelphia v. Philadelphia City Pass. Ry. Co., 177 Pa. 379; Springfield Water Co. v. Darby, 199 Pa. 400.

Corporations requiring, and with municipal consent, may be controlled but not prevented from occupying the streets: Pittsburgh v. Consolidated Gas Co., 34 Pa. Superior Ct. 374; Kittanning Borough v. Kittanning, Etc., Gas Co., 26 Pa. Superior Ct. 355; Edgewood Borough v. Scott, 29 Pa. Superior Ct. 156; Scranton Gas & Water Co. v. Scranton, 214 Pa. 586; Mountain Water Co. v. Emaus Borough, 43 Pa. Superior Ct. 179.

The proposition that the borough may refuse consent,

if it does not do it arbitrarily or capriciously can have no application under the police power to a case where the consent has already been given. That rule applies where application for consent is made to the borough, in the first instance: Central Dist., Etc., Tel. Co. v. Homer City Borough, 242 Pa. 597; Mountain Water Co. v. Emaus Borough, 43 Pa. Superior Ct. 179.

*V. Gilpin Robinson,* for appellee.—The provision in the ordinance that "the location of all poles shall be subject to the approval of the highway committee" is lawful and valid: Lewistown Borough v. Juniata & Susquehanna Tel. Co., 10 Dist. Rep. 562; Edgewood Borough v. Scott, 29 Pa. Superior Ct. 156; Newcastle City v. Central Dist., Etc., Tel. Co., 207 Pa. 371; Cochranton Borough v. Cochranton Telephone Co., 41 Pa. Superior Ct. 146.

Under the ordinance, the borough, or the highway committee thereof, has the right to refuse a permit to the electric light company to erect its poles on one of the main streets of the borough, where it is as reasonably convenient for the electric light company to locate its poles on an alley running near to, and parallel with the said main street when the said main street is now free of poles and wires and it is the desire of the authorities of said borough and of the residents on said street, to keep said street free of poles and wires: In Lewistown Borough v. Juniata & Susquehanna, &c., Co., 10 District Reports 562; Central Dist., Etc., Co. v. Clairton Boro., 51 Pa. Superior Ct. 649; Chester, Etc., Ry. Co. v. Darby Borough, 217 Pa. 275.

Under such an ordinance, the electric light company is not entitled to relief in equity when it has made no application for the approval of the highway committee of the borough, as required by the terms of the ordinance: Chester, Darby, Etc., Ry. Co. v. Darby Borough, 217 Pa. 275; York Tel. Co. v. Keesey, 5 Dist. Rep. 366.

OPINION BY ORLADY, J., October 11, 1914:

This case was disposed of after a full hearing on bill, answer and proofs. The findings of facts and conclusions of law, are considered in an exhaustive and convincing opinion by Judge BROOMALL, who, after a further hearing, overruled exceptions filed thereto, and made a final decree dismissing the plaintiff's bill. Nothing would be gained by further elaboration or argument. The questions raised are of special importance, and we feel that they have been rightly disposed of in the court below.

The decree is affirmed.